## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| **TODD SANDERS** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:20-cv-485-RGJ |
| | ) |
| **REYNOLDS CONSUMER PRODUCTS,** | ) |
| **LLC, et al.** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Reynolds Consumer Products LLC and Reynolds Manufacturing, Inc. ("**Reynolds**"), by counsel, hereby file this Notice of Removal to the United States District Court for the Western District of Kentucky, at Louisville, stating as follows:

1.  On June 19, 2020, Plaintiff filed this action in the Jefferson Circuit Court, Commonwealth of Kentucky, styled *Todd Sanders v. Reynolds Consumer Products LLC, et al.*, Case No. 20-CI-003531 (the "**Civil Action**"). The Complaint filed in the Civil Action alleges that on or about January 27, 2019, Reynolds' "warehouse garage doors were completely closed due to the cold weather and/or some type of malfunction with the garage doors . . . [causing] the warehouse [to become] hot, smoke-filled, and with high levels of carbon monoxide." (Compl. ¶ 5). Further, according to Plaintiff, Reynolds "refused to open the warehouse's garage doors and/or provide better ventilation, and Defendants required [Plaintiff] to continue with his regular job duties." (*Id.*) As a result, Plaintiff allegedly "became light-headed, dizzy, and briefly lost consciousness while operating a forklift which resulted in an accident wherein [he] crashed the forklift into a metal pole." (*Id.*)

2. The Complaint further alleges that "an employee of Defendants escorted [Plaintiff] to a guard shack where he sat without medical attention for some two hours. After receiving no medical attention, [Plaintiff] personally left the workplace and presented to a nearby hospital where he was medically treated and diagnosed with carbon monoxide poisoning." (*Id.* ¶ 6). Plaintiff asserts that on or about January 28, 2019 he presented his medical record to Reynolds and sought payment for his medical bills after which he was told that he "was suspended pending investigation for the purpose of termination for damage done to the forklift." (*Id.* ¶ 7). Copies of all process, pleadings, and orders that have been filed in the Civil Action are attached hereto as **Exhibit A**.

3. This matter is a civil action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. It is also an action which Reynolds is entitled to remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and the action is between citizens of different states.

4. The Complaint alleges that Plaintiff Todd Sanders is a resident of "Louisville, Jefferson County, Kentucky." (Compl. ¶ 1). Thus, Plaintiff is a citizen and resident of the Commonwealth of Kentucky.

5. The Defendants to this action, as far as removal is concerned, include Reynolds Consumer Products LLC and Reynolds Manufacturing, Inc., neither of which are citizens of Kentucky for purposes of 28 U.S.C. §§ 1332 & 1441.[1]

---

[1] The Complaint's allegations regarding the citizenship of the Defendants are scant, with Plaintiff lumping both Defendants together as one entity that is allegedly "a Delaware corporation." (Compl. ¶ 2).

6.	Defendant Reynolds Consumer Products LLC is a Delaware limited liability company. Its sole member is Defendant Reynolds Consumer Products Holdings LLC.

7.	Defendant Reynolds Consumer Products Holdings LLC is a Delaware limited liability company. Its sole member is Reynolds Consumer Products Inc.

8.	Reynolds Consumer Products Inc. is a Delaware corporation with its principal place of business in Illinois.

9.	Defendant Reynolds Manufacturing, Inc. is a Delaware corporation with its principal place of business in Illinois.

10.	Thus, Defendants are citizens and residents of Delaware and Illinois. Accordingly, complete diversity exists between the parties.

11.	The Complaint does not state a specific amount as to the total damages claimed. For purposes of removal only,[2] the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, based upon Plaintiff's aggregated claims and alleged damages that Reynolds wrongfully and illegally caused Plaintiff to incur medical bills for his claimed injuries, refused to reimburse him for medical bills and lost wages, and engaged in actions "harassing, coercing, discharging, and/or discriminating against [Plaintiff] in retaliation for his reporting and/or filing and/or pursuing his workers' compensation benefits." (Compl. ¶ 15). Additionally, Plaintiff seeks to recover "lost wages and back pay, reinstatement and/or front pay in lieu of same, compensatory damages, mental and physical pain and suffering, embarrassment, humiliation and mental anguish, an injunction to enjoin further violations of the Kentucky

---

[2] Reynolds disputes Plaintiff's claim for damages.

Worker's Compensation Act by the Defendants, his actual damages, and his costs of the lawsuit, including a reasonable attorney fee, pursuant to KRS 342.197(3)." (*Id.* ¶ 16).

12. The Civil Summons and Complaint was received by Reynolds on or about June 25, 2020. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days of receipt of the initial pleading through service, and therefore, this Civil Action is timely removed. Plaintiff is estopped from seeking remand of this matter on this basis.

13. By reason of the amount in controversy and the complete diversity of citizenship of the parties, the Civil Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332. Accordingly, this Civil Action is properly subject to removal and hereby is removed to the United States District Court for the Western District of Kentucky, at Louisville, pursuant to 28 U.S.C. §§ 1441 and 1446.

14. Reynolds will provide Plaintiff with a copy of this Notice of Removal and file a Notice of Filing Notice of Removal with the Clerk for the Jefferson Circuit Court.

15. This Notice of Removal is signed by counsel for and on behalf of Reynolds pursuant to Rule 11 of the Federal Rules of Civil Procedure.

16. Reynolds reserves the right to object and assert affirmative defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

WHEREFORE, Reynolds hereby gives notice of this removal from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, at Louisville, pursuant to 28 U.S.C. § 1441(a).

Respectfully submitted,

/s/  Marianna J. Michael
C. Tyson Gorman
Jordan M. White
Marianna J. Michael
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
Tel.: 502.589.5235
Fax: 502.589.0309
E-mail: tgorman@wyattfirm.com
E-mail: jwhite@wyattfirm.com
E-mail: mjmichael@wyattfirm.com

**Counsel for Reynolds Consumer Products, LLC and Reynolds Manufacturing, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, July 08, 2020, I electronically filed the foregoing document by using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that I mailed a copy of the foregoing, via U.S. Mail, to the following:

James M. Bolus, Jr.
Brennan J. Soergel
Bolus Law Offices
600 West Main Street, Suite 500
Louisville, KY 40202

/s/  Marianna J. Michael
Marianna J. Michael

100315026.1