# EXHIBIT A

Filed 20-CI-003531 06/19/2020 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2020 02:05:24 PM
82451-44

| | |
|---|---|
| NO._____ | JEFFERSON CIRCUIT COURT |
| | DIVISION_____ |
| | JUDGE _____ |

**TODD SANDERS**                                                           **PLAINTIFF**

v.                         **COMPLAINT**
                              *(Electronically Filed)*

**REYNOLDS CONSUMER PRODUCTS LLC**
**1900 W Field Court**
**Lake Forest, IL 60045**

        <u>Serve</u>: **Corporation Service Company**
                     **421 West Main Street**
                     **Frankfort, KY 40601**

**-and-**

**REYNOLDS MANUFACTURING, INC.**                                **DEFENDANTS**
**1900 W Field Court**
**Lake Forest, IL 60045**

        <u>Serve</u>: **Corporation Service Company**
                     **421 West Main Street**
                     **Frankfort, KY 40601**

\* \* \* \* \* \* \* \* \*

      Comes now the Plaintiff, Todd Sanders, by and through counsel, and for his Complaint against the Defendants, Reynolds Consumer Products LLC, and Reynolds Manufacturing, Inc., states as follows:

      1.      That Plaintiff, Todd Sanders, is, and at all times relative hereto has been, an adult individual residing in Louisville, Jefferson County, Kentucky.

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

COM : 000001 of 000005

Filed 20-CI-003531 06/19/2020 David L. Nicholson, Jefferson Circuit Clerk

Filed    20-CI-003531    06/19/2020    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2020 02:05:24 PM
82451-44

2. That Defendants, Reynolds Consumer Products LLC, and Reynolds Manufacturing, Inc. (hereinafter "Defendants"), is/are a Delaware corporation in good standing, licensed to do, and doing, business in Louisville, Jefferson County, Kentucky and, at all times relevant hereto, employed Plaintiff.

3. That this court has jurisdiction and venue over the matter in controversy pursuant to KRS 342.197(3) and due to the fact that the unlawful conduct complained of herein occurred in Louisville, Jefferson County, Kentucky.

4. That Plaintiff, Todd Sanders, was a full-time employee of Defendants pursuant to the coverage of the Kentucky Workers' Compensation Act, KRS Chapter 342, from on or about 2013 until he was unlawfully terminated and/or constructively discharged from said employment on or about April 24, 2019.

5. That on or about January 27, 2019, Todd was performing his regular job duties as a forklift driver at Defendants' aluminum warehouse located at 2827 Hale Avenue, Louisville, Kentucky 40211. Todd's regular job duties included operating a forklift to move large rolls of hot aluminum off of industrial ovens. On this date, Defendants' warehouse garage doors were completely closed due to the cold weather and/or some type of malfunction with the garage doors. This created an environment where the warehouse became hot, smoke-filled, and with high levels of carbon monoxide. Despite this dangerous environment, Defendants refused to open the warehouse's garage doors and/or provide better ventilation, and Defendants required Todd to continue with his regular job duties. As a result, Todd became light-headed, dizzy, and briefly lost consciousness while operating a forklift which resulted in an accident wherein Todd crashed the forklift into a metal pole.

Filed    20-CI-003531    06/19/2020    David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. ANGELA MCCORMICK BISIG (630326)
COM : 000002 of 000005

6. That immediately after the accident, an employee of Defendants escorted Todd to a guard shack where he sat without medical attention for some two hours. After receiving no medical attention, Todd personally left the workplace and presented to a nearby hospital where he was medically treated and diagnosed with carbon monoxide poisoning.

7. That on or about January 28, 2019, Todd showed up to work and presented Defendants' human resources representative with his medical record showing his diagnosis of carbon monoxide poisoning, and Todd requested information on how his medical bills were to be paid. Immediately thereafter, Defendants' supervisory employee presented Todd with a form stating that Todd was suspended pending investigation for the purpose of termination for damage done to the forklift.

8. That on January 28, 2019 and thereafter, Todd continued to seek medical treatment, and incur medical bills, for his injuries sustained in the January 27, 2019 accident. That Defendants refused to pay these medical bills.

9. That in or around early February of 2019, Defendants informed Todd that his suspension was rescinded and that they would allow him to return to work upon obtaining a doctor's note indicating that Todd was able to return to work.

10. That in or around early February of 2019, Todd personally requested workers compensation benefits from Defendants in the form of payment of his medical expenses and a portion of his lost wages.

11. That on or about February 21, 2019, Defendants informed Todd that his request for workers compensation benefits was denied. Shortly thereafter, Todd hired an attorney to again attempt to obtain workers compensation benefits.

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

COM : 000003 of 000005

Filed          20-CI-003531     06/19/2020        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2020 02:05:24 PM
82451-44

12. That on or about February 27, 2019 and March 13, 2019, Todd provided Defendants with doctor's notes stating he could return to work without restrictions. Despite this, Defendants continually refused to allow Todd to return to work. Additionally, Defendants refused to pay for Todd's medical expenses, and refused to pay Todd's lost wages or any wages at all. That Defendants engaged in this course of conduct in retaliation for Todd's reporting and/or filing and/or pursuing his workers' compensation benefits.

13. That Defendants' conduct resulted in Todd being without income from January 28, 2019 to April 24, 2019. Defendants' conduct further forced Todd to dip into his retirement savings to pay bills during this time, causing significant financial and emotional stress.

14. That on or about April 24, 2019, Todd informed Defendants that he was compelled to quit his position with Defendants in order to begin different employment in a temporary role with Ford, with substantially lesser pay, because of Defendants' conduct in refusing to allow him to return to work.

15. That Defendants violated KRS 342.197 by harassing, coercing, discharging, and/or discriminating against Todd in retaliation for his reporting and/or filing and/or pursuing his workers' compensation benefits.

16. That, as a direct and proximate result of Defendants' wrongful and illegal conduct, Todd is entitled to damages in excess of the jurisdiction of this Court, including awards and/or determinations for lost wages and back pay, reinstatement and/or front pay in lieu of same, compensatory damages, mental and physical pain and suffering, embarrassment, humiliation and mental anguish, an injunction to enjoin further violations of the Kentucky Worker's Compensation Act by the Defendants, his actual damages, and his costs of the lawsuit, including a reasonable attorney fee, pursuant to KRS 342.197(3).

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

COM : 000004 of 000005

4

Filed  Case 3:20-cv-00485-RGJ  Document 1-1  Filed 07/08/20  Page 6 of 19 PageID #: 11
       20-CI-003531   06/19/2020       David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2020 02:05:24 PM
82451-44

WHEREFORE, the Plaintiff, Todd Sanders, demands judgment on his Complaint against the Defendants in an amount sufficient to invoke the jurisdiction of this Court and, in addition, demands the following:

1. Judgment on his Complaint against the Defendants;

2. A trial by jury on all issues triable;

3. Compensatory damages;

4. An order enjoining Defendants from further violations of KRS 342.197;

5. For his costs herein expended including a reasonable attorney's fees; and

6. Any and all other relief to which he may otherwise be properly entitled.

Respectfully submitted,

James M. Bolus, Jr.
Brennan J. Soergel
BOLUS LAW OFFICES
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
bo@boluslaw.com
brennan@boluslaw.com

By: /s/ Brennan J. Soergel
    Brennan J. Soergel

| AOC-E-105    Sum Code: CI | | Case #: **20-CI-003531** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov* | | County: **JEFFERSON Circuit** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

Memo: Related party is REYNOLDS CONSUMER PRODUCTS LLC

The Commonwealth of Kentucky to Defendant:
**REYNOLDS CONSUMER PRODUCTS LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*
Jefferson Circuit Clerk
Date: **6/19/2020**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 ____

_____
Served By

_____
Title

Summons ID: @00000949788
CIRCUIT: 20-CI-003531 Certified Mail
SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL



Page 1 of 1

*eFiled*

*Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)*

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>07/08/2020 02:08:29 PM<br>Case #: **20-CI-003531**<br>82451-44<br>Court:    **CIRCUIT**<br>County:  **JEFFERSON Circuit** |

*Plantiff,* **SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL**, *Defendant*

TO:    **CORPORATION SERVICE COMPANY**
       **421 W. MAIN STREET**
       **FRANKFORT, KY 40601**

Memo: Related party is REYNOLDS MANUFACTURING, INC.

The Commonwealth of Kentucky to Defendant:
**REYNOLDS MANUFACTURING, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*
Jefferson Circuit Clerk
Date: **6/19/2020**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 ____        _____
                                  Served By

                                  _____
                                  Title

---

Summons ID: @00000949789
CIRCUIT: 20-CI-003531 Certified Mail
SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL



Page 1 of 1

eFiled

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

CI : 000001 of 000001

| | | | |
|---|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice   *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 |  **CIVIL SUMMONS** | Case #: **20-CI-003531**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** | |

*Plantiff,* **SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL**, *Defendant*

TO: **REYNOLDS CONSUMER PRODUCTS LLC**
**1900 W FIELD COURT**
**LAKE FOREST, IL 60045**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*
Jefferson Circuit Clerk
Date: **6/19/2020**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____

_____
Served By

_____
Title

---

Summons ID: @00000949786
CIRCUIT: 20-CI-003531 Certified Mail
SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL



Page 1 of 1

eFiled

| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice  *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **20-CI-003531**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |

NOT ORIGINAL DOCUMENT
07/08/2020 02:12:15 PM
82451-44

*Plantiff,* **SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL**, *Defendant*

TO: **REYNOLDS MANUFACTURING, INC.**
**1900 W. FIELD COURT**
**LAKE FOREST, IL 60045**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ David L. Nicholson*
Jefferson Circuit Clerk
Date: **6/19/2020**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: @00000949787
CIRCUIT: 20-CI-003531 Certified Mail
SANDERS, TODD VS. REYNOLDS CONSUMER PRODUCTS LLC, ET AL



Page 1 of 1

*eFiled*

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)   CI : 000001 of 000001

Filed    Case 3:20-cv-00485-RGJ   Document 1-1   Filed 07/08/20   Page 11 of 19 PageID #: 16
        20-CI-003531        06/19/2020            David L. Nicholson, Jefferson Circuit Clerk

07/08/2020 02:09:05 PM
82451-44

NO._____                                          **JEFFERSON CIRCUIT COURT**
                                                                    **DIVISION**_____
                                                           **JUDGE** _____

**TODD SANDERS**                                                                **PLAINTIFF**

v.        **PLAINTIFF'S INTERROGATORIES AND REQUESTS
          FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**
                        *(Electronically Filed)*

**REYNOLDS CONSUMER PRODUCTS LLC**
-and-
**REYNOLDS MANUFACTURING, INC.**                                                **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes now the Plaintiff, Todd Sanders, by and through counsel, and for his Interrogatories and Requests for Production of Documents propounded to the Defendants, Reynolds Consumer Products LLC, and Reynolds Manufacturing, Inc., states as follows:

**INTERROGATORY NO. 1**:    Please state the name, address, official position and/or job title of any and all persons who participated in the preparation of the answers to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**    As to Plaintiff, please state as follows:

 (a) The inclusive dates of his employment with the Defendants;

 (b) His employment status with the Defendants while employed (i.e., hourly employee, salary employee, independent contractor, volunteer, etc.);

 (c) Any and all job titles/duties he held during his working relationship with the Defendants (including dates he held such job titles);

 (d) When the decision(s) to refuse to allow Plaintiff to return to work as referenced in paragraphs 12-14 of Plaintiff's Complaint was made;

 (e) Who made the decision(s) to refuse to allow Plaintiff to return to work as referenced in paragraphs 12-14 of Plaintiff's Complaint; and

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)

IRPD : 000001 of 000009

(f) Each and every reason why Plaintiff was not allowed to return to work as referenced in paragraphs 12-14 of Plaintiff's Complaint.

**ANSWER**:

**INTERROGATORY NO. 3**: Please state when the Defendants first anticipated the reasonable possibility of litigation arising from Plaintiff's employment.

**ANSWER**:

**INTERROGATORY NO. 4**: State whether the Defendants are, or ere insured under, a policy or policies of insurance, which the Defendants claim or believe may provide coverage for the claims made herein by Plaintiff, whether such coverage is primary, excess, or umbrella, or other type of coverage. If so, state for each policy that policy number, insurance carrier, type and limits of liability coverage, and whether the carrier has denied coverage and/or reserved rights. Please state whether the Defendants are self-insured and, if so, state the limits of self-insurance.

**ANSWER**:

**INTERROGATORY NO. 5**: Please state and describe Defendants' policy for reporting work related injuries.

**INTERROGATORY NO. 6**: Identify all employees of Defendants working in Louisville, Kentucky who reported a work-related injury from 2016 through the date of the response to these interrogatories, include;

(a) Name;

(b) Injury and how it occurred;

(c) If and when they reported the work injury;

(d) If and when they sought worker's compensation benefits;

(e) Type of citation, discipline, reprimand, etc. received by employee, if any;

(f) Are they currently still employed with Defendants; and

(g) Date of suspension and/or termination of employment, if suspended and/or terminated.

**ANSWER**:

**INTERROGATORY NO. 7:** Please describe in detail any lawsuits, court actions, administrative or board actions, or formal or informal complaints filed, made, or brought against the Defendants with regard to the issue of workers compensation discrimination or retaliation from 2016 through the present. Please include in your response the following:

(a) The name and address of any complaining person(s);

(b) Date such complaint was filed and/or brought (approximate if necessary);

(c) Describe in detail what the complaint was about;

(d) Any corrective action or affirmative steps taken by the Defendants; and

(e) The resolution or conclusion of, or the decision regarding, any such complaint, lawsuit, action, etc.

**ANSWER:**

**INTERROGATORY NO. 8**: Please describe in detail the substance of any statements made by the Plaintiff that in any way relate to this litigation.

**ANSWER:**

**INTERROGATORY NO. 9:** Please identify any and all person(s) who have knowledge of the following:

(a) Plaintiff's job performance and ability to fill his position;

(b) Statements made to Plaintiff regarding his job performance and/or suspension;

(c) Meetings, conferences, or discussion where Plaintiff's workplace injuries, job performance, job security, replacement, suspension and/or termination were discussed;

(d) The person who replaced Plaintiff and the manner in which he/she was hired.

**ANSWER**:

**INTERROGATORY NO. 10:**   State the names, last known address, and telephone number of any person who may have knowledge of facts material to this litigation.

**ANSWER:**

**INTERROGATORY NO. 11:**   State the name, address, and telephone number of any person who may be called as a non-expert witness at the trial of this matter, including a brief synopsis of the facts known by each person listed and the testimony expected of each person.

**ANSWER:**

**INTERROGATORY NO. 12:**   State the name, address, telephone number and qualifications of any person who may be called as an expert witness on behalf of the Defendants. For each person so identified, state the subject matter to which the expert witness is expected to testify, a synopsis of the facts and opinions that he/she is expected to testify to, and a summary of the ground for each such opinion held.

**ANSWER:**

**INTERROGATORY NO. 13:**   Please identify any and documents or other tangible things (such as computer records) which reflect Plaintiff's suspension from Defendants.

**ANSWER:**

**INTERROGATORY NO. 14:**   Please identify any and all documents or other tangible things (such as computer records) which reflect that Plaintiff's job performance and/or

Filed          20-CI-003531    06/19/2020         David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2020 02:09:05 PM
82451-44

health status and/or anything else merited his inability to return to work following the January 27, 2019 accident.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please identify any and documents or other tangible things (such as computer records) which reflect that Plaintiff has failed to mitigate his damages, such as subsequent job offers after he was terminated.

**ANSWER:**

**INTERROGATORY NO. 16:**  Please identify any and all exhibits, demonstrative evidence, or other documentary evidence, that Defendants intend to utilize at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 17:**  Please state the names, last known addresses, and telephone numbers for all persons who have knowledge of the decision to terminate the Plaintiff and state the name and job title of each person who participated in the decision to terminate the Plaintiff, and state whom the ultimate decision-maker was in regard to the subject termination.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**RPOD 1:** Provide a copy of any and all documents referred to, relied upon, or otherwise referenced in responding to the above Interrogatories, regardless of the origin of said documents.

**RESPONSE:**

**RPOD 2:** Please produce a copy of the entire employee file and/or personnel file and/or any file materials or other documents in the possession, custody, or control of the Defendants regarding Plaintiff. Designate by name and address the official custodian of any such personnel file and/or employee file and/or file materials or other documents.

**RESPONSE:**

**RPOD 3:** Please produce a copy of any and all documents and tangible things, including performance appraisals or disciplinary notices, warnings, discharge notices or documents or disciplinary documents or documents or tangible regarding Plaintiff that are not contained in or were not produced in response to RPOD 2. Designate by name and address the official custodian of any such documents.

**RESPONSE:**

**RPOD 4:** Please produce a copy any and all documents concerning Plaintiff's workers compensation requests/claims.

**RESPONSE:**

**RPOD 5:** Please produce all payroll (including paystubs), benefits, medical and/or personal leave documents pertaining to Plaintiff throughout his entire employment with Defendant.

**RESPONSE:**

Filed          20-CI-003531   06/19/2020          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2020 02:09:05 PM
82451-44

**RPOD 6:**    Please produce a copy of any and all accident/injury reports related to Plaintiff. This request includes all photographs and investigative documents associated with any accident/injury reports related to Plaintiff.

**RESPONSE:**

**RPOD 7:**    Please produce any organizational charts for Defendants, including any organizational charts and/or documents listing employees or agents or servants as such relate to the time period of Plaintiff's employment with Defendants. Designate by name and address the official custodian of any such documents or charts.

**RESPONSE:**

**RPOD 8:**    Please produce copies of any all policies and procedures, manuals, guidelines, employee handbooks or other documents published or disseminated by the Defendants to its employees. This request includes, but is not limited to, any and all documents reflecting any safety policy, and/or the corrective action process, and/or discrimination and harassment and retaliatory conduct. Please limit your response to documents in force and effect from 2019 to the present. Please state the name and address, and the official custodian of any such policies, procedures, etc.

**RESPONSE:**

**RPOD 9:**    Please produce a copy of any all statements previously made by the Plaintiff including, but not limited to, any written statements signed or otherwise adopted or approved by the Plaintiff, any stenographic, audio tapes, electrical types of recordings or any other transcription of any statement made by the Plaintiff at any time.

**RESPONSE:**

7

Filed          20-CI-003531   06/19/2020          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. ANGELA MCCORMICK. BISIG (630326)
IRPD : 000007 of 000009

**RPOD 10:** Please produce a curriculum vitae or resume of each individual whom the Defendants may call as an expert witness at the trial of this matter.

**RESPONSE:**

**RPOD 11:** Please produce copies of any and all exhibits, documentary evidence, or demonstrative evidence which the Defendants intend to rely on and/or utilize at the trial of this matter. This includes, but is not limited to, any videotapes or audiotapes in the possession, custody, or control of the Defendants or any agent, servant, or employee, thereof.

**RESPONSE:**

**RPOD 12:** Please produce copies of any all photographs, videos, charts, drawings, sketches, diagrams, etc. in the possession of the Defendants or their attorneys, or other agents or employees or servants of the Defendants, that in any way relate to the Plaintiff's claims or the defenses in this action.

**RESPONSE:**

**RPOD 13:** Please produce a copy of any insurance policy or policies, including declarations pages that may provide coverage to the Defendants with regard to this lawsuit.

**RESPONSE:**

**RPOD 14:** Please produce a copy of any and all medical records and medical billing records for Plaintiff that are possessed by Defendants, their agents and attorneys.

**RESPONSE:**

**RPOD 15:** Please produce a copy of the complete workers compensation file of Plaintiff related to the January 27, 2019 accident, including but not limited to the workers' compensation carrier's file.

**RESPONSE:**

**RPOD 16:**   Please produce a copy of any and all documents supporting Defendants' decision(s) to refuse to allow Plaintiff to return to work following the January 27, 2019 accident.

**RESPONSE:**

          Respectfully submitted,

          James M. Bolus, Jr.
          Brennan J. Soergel
          BOLUS LAW OFFICES
          600 West Main Street, Suite 500
          Louisville, Kentucky  40202
          (502) 584-1210
          (502) 584-1212 - Facsimile
          brennan@boluslaw.com


By:  /s/ Brennan J. Soergel_____
     Brennan J. Soergel